**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

PAZUNIAK LAW OFFICE, LLC and )
GEORGE PUZUNIAK, )
                           )
       Plaintiffs, )
                           )    C.A. No. N14C-12-259 EMD
       v. )
                           )
PI-NET INTERNATIONAL, INC. and )
LAKSHMI ARUNACHALAM, )
                           )
       Defendants. )
                           )
LAKSHMI ARUNACHALAM, )
                           )
       Counterclaim Plaintiff )
       and Third-Party Plaintiff, )
                           )
       v. )
                           )
PAZUNIAK LAW OFFICE LLC and )
GEORGE PAZUNIAK, )
                           )
       Counterclaim Defendants, )
                           )
  and )
                           )
O'KELLY AND ERNST, LLC )
                           )
       Third-Party Defendant. )
                           )

**ORDER DENYING LEAVE TO APPEAL
FROM INTERLOCUTORY ORDER**

This 17th day of February, 2017, upon consideration of Defendant and Counter Plaintiff

Lakshmi-Arunachalam, Ph.D's Application for Certification for Interlocutory Appeal under Rule

42 of this Court's Order of January 24, 2017 Denying Me Access to Justice and Motion to

Recuse Judge Davis (the "Interlocutory Motion") filed by Defendant Lakshmi Arunachalam,

Ph.D., on February 6, 2017; Opposition to Defendant Arunachalam's "Application for

Certification for Interlocutory Appeal under Rule 42 of this Court's Order of January 24, 2017 Denying Me Access to Justice and Motion to Recuse Judge Davis" (the "Opposition") filed by Plaintiffs George Pazuniak and Pazuniak Law Office LLC; the Order (i) Regarding Omnibus Hearing to be Held on February 20, 2017 and (ii) Sanctioning Defendant Lakshmi Arunachalam for Inappropriate Use of E-Mail, including Unfounded Accusations of Bias Made Against the Court (the "Interlocutory Order"); Supreme Court Rule 42 ("Rule 42"), the Court finds as follows:

## INTRODUCTION

1.     This is a civil action brought by Plaintiffs Pazuniak Law Office, LLC and George Pazuniak (collectively, "Pazuniak Law").  Through the Complaint, Pazuniak Law seeks declaratory relief as to certain funds held by Pazuniak Law.  In addition, Pazuniak Law alleges that Defendants Pi-Net International, Inc. ("Pi-Net") and Dr. Arunachalam are liable to Pazuniak Law on claims of common law libel and tortuous interference with prospective business opportunities.  Dr. Arunachalam answered the Complaint and asserted counterclaims against Pazuniak Law, Mr. Pazuniak and a new third party, O'Kelly and Ernst, LLC.  Pi-Net has not filed an answer to the Complaint.

2.     According to the Complaint, Pazuniak Law, Pi-Net, Dr. Arunachalam, and WebXchange entered into a retainer agreement (the "Agreement") on January 25, 2012.  Count I of the Complaint seeks a declaration as to the distribution of certain funds under the terms of the Agreement, as well as Pazuniak Law's purported right to recover costs for providing certain files to Pi-Net upon the termination of Pazuniak Law's services to Pi-Net, Dr. Arunachalam and WebXchange.

2

3. The parties filed a series of motions in the Fall of 2016. After reviewing the various motions, the Court ruled on some motions and set others to be heard at an omnibus hearing on February 20, 2017.

4. On January 13, 2017, Defendant Lakshmi Arunachalam sent an e-mail (the "E-Mail") to the Court providing written notice that Dr. Arunachalam would attend the Omnibus Hearing by telephone and requesting that the hearing be moved from 9:30 a.m. (Eastern) to 1:30 p.m. (Eastern) to accommodate the time difference between California and Delaware.

5. In the E-Mail, Dr. Arunachalam made a number of other requests – (i) to move the date of the Omnibus Hearing if other parties are not able to accommodate the request for a 1:30 p.m. (Eastern) starting time for the Omnibus Hearing; (ii) that the Court order all parties to attend by telephone "so they do not get an advantage over [her] and [she] is not prejudiced;" (iii) that the Court rule on her Motion for Summary Judgment prior to the Omnibus Hearing, contending it is ripe for decision and any delay in the Court ruling on this motion "appears prejudicial;" and (iv) that the Court relist the matters to be heard at the Omnibus Hearing so that Dr. Arunachalam's Motion for Summary Judgment is listed first and heard first because the listing of matters on the Omnibus Order "appears very prejudicial in favor of Plaintiff George Pazuniak and bias against Pro Se Defendant Dr. Lakshmi Arunachalam" and that the order of the items indicates "bias in favor of Plaintiff and bias against Defendant Dr. Lakshmi Arunachalam."

6. As set forth more specifically in the Interlocutory Order, the Court denied all the relief sought in the E-Mail except moving the time from 9:30 a.m. to 1:30 p.m. so as to accommodate Pacific Coast time for Dr. Arunachalam who resides in California and wants to attend the February 20, 2017 hearing by phone.[1] The Court noted that the E-Mail sought affirmative relief but failed to comply with Rule 11 of the Superior Court Civil Rules. Earlier,

---

[1] Interlocutory Order at 3.

on July 7, 2015, the Court had cautioned the parties that requests for relief needed to comply with the Superior Court Civil Rules.[2]  The Court also sanctioned Dr. Arunachalam $100 for failing to abide by guidelines for e-mail use in this civil action set by the Court during a telephonic hearing held on July 27, 2015.[3]

7.  Dr. Arunachalam now requests certification of the Interlocutory Order to the Delaware Supreme Court under Supreme Court Rule 42 ("Rule 42").

### ANALYSIS

8.  Rule 42(b) dictates the standard for certifying an interlocutory appeal.  "No interlocutory appeal will be certified by the trial court or accepted by this Court unless the order of the trial court decides a substantial issue of material importance that merits appellate review before a final judgment."[4]  In deciding whether to certify an interlocutory appeal, the trial court must consider: (1) the eight factors listed in Rule 42(b)(iii);[5] (2) the most efficient and just schedule to resolve the case; and (3) whether and why the likely benefits of interlocutory review

---

[2] *Id.* at 2.
[3] *Id.* at 2-3.
[4] Del. Supr. Ct. R. 42(b)(i).
[5] Delaware Supreme Court Rule 42(b)(iii) provides:

> [T]he trial court should consider whether;
>> (A) The interlocutory order involves a question of law resolved for the first time in this State;
>> (B) The decisions of the trial courts are conflicting upon the question of law;
>> (C) The question of law relates to the constitutionality, construction, or application of a statute of this State, which has not been, but should be, settled by this Court in advance of an appeal from a final order;
>> (D) The interlocutory order has sustained the controverted jurisdiction of the trial court;
>> (E) The interlocutory order has reversed or set aside a prior decision of the trial court, a jury, or an administrative agency from which an appeal was taken to the trial court which had decided a significant issue and a review of the interlocutory order may terminate the litigation, substantially reduce further litigation, or otherwise serve considerations of justice;
>> (F) The interlocutory order has vacated or opened a judgment of the trial court;
>> (G) Review of the interlocutory order may terminate the litigation; or
>> (H) Review of the interlocutory order may serve considerations of justice.

Del. Supr. Ct. R. 42(b)(iii).

4

outweigh the probable costs, such that interlocutory review is in the interests of justice.[6] "If the balance [of these considerations] is uncertain, the trial court should refuse to certify the interlocutory appeal."[7]

9. Initially, the Court must determine whether the denial of the E-Mail constitutes a "substantial issue of material importance that merits appellate review before a final judgment."[8] The Court has found no Delaware decision that has held that a ruling regarding the order in which motions are to be presented at a hearing, the manner in which persons attend the hearing, or that the Court would rule after oral argument and not prior to the scheduled hearing is appropriate for interlocutory review. The Interlocutory Motion provides no authority to support its conclusion that Interlocutory Order relates to a substantial issue of material importance that merits appellate review prior to a final judgment on the claims asserted in this civil action. The Court does not see how denying the relief sought in the E-Mail could possibly meet the standards of Rule 42(b)(i). Moreover, the Court's $100 sanction is hardly substantial and is a graduated sanction against Dr. Arunachalam for her failure to abide by standards set by the Court regarding the use of e-mail in this civil action.

10. Next, the Court must consider the eight factors listed in Rule 42(b)(iii)(A) through (H). Dr. Arunachalam does not make many, if any, substantive arguments as to the eight factors. Mostly, Dr. Arunachalam makes conclusory or irrelevant statements.

11. After considering the eight factors, the Court finds that Rule 42(b)(iii)(A) through (H) are not implicated at all. Other than the Civil Rule 11 sanction, the Interlocutory Order relates to administrative functions well within the discretion of the Court and collateral to the claims asserted by the various parties in this civil action. Therefore, the Court finds that an

---

[6] Id.
[7] Id.
[8] Del. Supr. Ct. R. 42(b)(i).

interlocutory appeal would not efficiently resolve this litigation. The Court also finds the benefits of an interlocutory appeal here would not outweigh the probable costs, such that interlocutory review is in the interests of justice

12. There is nothing in the E-Mail or the Interlocutory Order that involves substantial issues of material importance, new questions of law, creates conflicts on questions of law of other trial courts or alike. Accordingly, the Court does not find that certification would be the most efficient and just means to resolve the case. Further, the benefits of interlocutory review would not outweigh the probable costs. Therefore, the Court finds that Dr. Arunachalam has not met the strict burden for certification under Rule 42.

**NOW, THEREFORE,** this 17th day of February, 2017, Dr. Arunachalam having made application under Rule 42 of the Supreme Court for an order certifying an appeal from the interlocutory order of this Court, dated January 24, 2017; and the Court having found that none of the criteria of Supreme Court Rule 42(b) apply;

**IT IS ORDERED** that certification to the Supreme Court of the State of Delaware for disposition in accordance with Rule 42 of that Court is hereby **DENIED**.

Dated: February 17, 2017
Wilmington, Delaware

*/s/ Eric M. Davis*
Eric M. Davis, Judge

6